UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CLARENCE REED JULIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:20-CV-051-TAV-DCP |
| | ) | |
| CPL. HANLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. On April 24, 2020, the Court entered an order finding that only Plaintiff's claim for retaliation against Defendant Haney would proceed [Doc. 10]. Accordingly, the Court directed the Clerk to send Plaintiff a service packet for this Defendant, ordered Plaintiff to return the completed service packet within twenty (20) days of entry of that order, and notified Plaintiff that failure to timely return the completed service packet may result in dismissal of this matter [*Id.* at 6]. Plaintiff has not complied with that order and the time for doing so has passed. Moreover, more than two (2) weeks ago, the United States Postal Service returned the Court's mail to Plaintiff containing this screening order as undeliverable with a notation indicating that he has been released [Doc. 11 p. 1]. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely return a completed service packet and failure to timely notify the Court of his change in address were due to Plaintiff's willfulness or fault. As set forth above, the Court's screening order required Plaintiff to return a completed service packet for Defendant Haney within twenty (20) days of entry of the Court's order on April 24, 2020 [Doc. 10 p. 6], and he has not done so. Also, while the Court's docket indicates that Plaintiff did not receive this screening order because he did not notify the Court of a change of address, this is also due to Plaintiff's willfulness or fault. The Court has twice advised Plaintiff of the requirement that he notify the Court of a change in address within fourteen (14) days [Doc. 3 (providing that "[i]t is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently); Doc. 7 p. 2–3].

2

As to the second factor, the Court finds that Plaintiff's failure to return a completed service packet and failure to update his address has not prejudiced Defendant Haney, as he has not yet been served. However, the Court notes that without a proper address for Plaintiff, neither the Court nor Defendant Haney is able to communicate with Plaintiff regarding this case.

As to the third factor, again, the Court's screening order warned Plaintiff that failure to return a completed service packet for Defendant Haney within twenty (20) days of entry of that order on April 24, 2020, may result in dismissal of this action [Doc. 10 p. 6]. Also, as the Court has noted, the Court twice advised Plaintiff that he must notify the Court of any change in address within fourteen (14) days and that this action may be dismissed if he fails to do so [Doc. 3; Doc. 7 p. 2–3].

Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted. Plaintiff was proceeding *in forma pauperis* and has failed to comply with the Court's clear instructions regarding updating his address and returning a completed service packet.

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b), *see Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (noting that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a

3

lawyer"). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
